**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| **FROSCH HOLDCO, INC. d/b/a FROSCH; FROSCH INTERNATIONAL TRAVEL, LLC d/b/a FROSCH TRAVEL; and FT TRAVEL, INC.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE TRAVELERS INDEMNITY COMPANY and THE CHARTER OAK FIRE INSURANCE COMPANY,**<br><br>**Defendants.** | Civil Action No. 4:20-cv-01478<br><br>COMPLAINT AND JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I.       INTRODUCTION

1.      Plaintiffs, Frosch Holdco, Inc. d/b/a Frosch; Frosch International Travel, LLC d/b/a Frosch Travel; and FT Travel, Inc. ("Frosch"), files this complaint against Defendants, The Travelers Indemnity Company ("Travelers") and The Charter Oak Fire Insurance Company ("Charter Oak"), for their denial of benefits for the business interruption sustained by Frosch as a result of quarantine, shelter-in-place, and stay-home orders issued in the United States and around the world. Frosch is a travel agency that provides services internationally. As these orders are entered, both personal and business travel are necessarily suspended. According to Oxford Economics, travel industry losses will reach $355 billion in the United States alone. Frosch has already suffered losses of approximately $40 million, and that number is rapidly increasing. Despite the extensive interruption of Frosch's business, Defendants summarily denied its claim

which quarantine, shelter-in-place, and stay-home orders were still in effect in the United States and around the world.

## II.     PARTIES

2.     Plaintiff Frosch Holdco, Inc. is a corporation organized under the laws of Texas with its principal place of business at One Greenway Plaza, #800, Houston, Texas 77046.

3.     Plaintiff Frosch International Travel, LLC is a limited liability company organized under the laws of Texas with its principal place of business at One Greenway Plaza, #800, Houston, Texas 77046.

4.     Plaintiff FT Travel, LLC is a limited liability company organized under the laws of Texas with its principal place of business at One Greenway Plaza, #800, Houston, Texas 77046.

5.     Defendant The Travelers Indemnity Company is a corporation organized under the laws of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut 06183. Citation may be served through its registered agent for service of process at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, Travis County, Texas.

6.     Defendant The Charter Oak Fire Insurance Company is a company organized under the laws of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut 06183. Citation may be served through its registered agent for service of process at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, Travis County, Texas.

7.     At all times herein, Defendants acted by and through their duly authorized agents and servants, each acting within the course and scope of his or her employment.

### III.     JURISDICTION AND VENUE

8.     Venue is proper in the Southern District of Texas pursuant 28 U.S.C.A. § 1391 because the insured business that is the subject of the action is situated in the Southern District of Texas.

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy is greater than $75,000 and plaintiffs and defendants are citizens of different states.

10.     This Court has specific jurisdiction over Defendants as their activities were directed toward Texas and injuries complained of resulted from their activities in Texas. Defendants have a substantial connection with Texas and the requisite minimum contacts with Texas necessary to constitutionally permit the Court to exercise jurisdiction.

### IV.     FACTUAL ALLEGATIONS

**A.  Frosch Obtains Insurance Coverage for Its Business from Defendants.**

11.     Frosch is a travel agency headquartered in Houston, Texas that provides travel services throughout the United States and internationally. Frosch has offices in more than 40 locations worldwide and specializes in business travel, entertainment travel, vacations and cruises, energy travel, group travel, conference and event travel, rewards and incentives, private client services, and student travel.

12.     Defendants issued commercial policy number P-630-8294B216-COF-19 to Frosch for the policy period of July 1, 2019 to July 1, 2020 (the "Policy"). The Policy, a costume insurance policy prepared for Frosch, One Greenway Plaza #800, Houston TX 77046, is attached hereto as Exhibit A. The Policy identifies 57 locations and buildings covered under the insurance. Exhibit A, IL TO 030496, Pages 1 through 4. The Policy covers named insureds in addition to Frosch

International Travel, Inc. d/b/a Frosch Travel, as identified at Exhibit A, IL T8 00, Pages 1-2. The Policy is an all risk policy that covers all risks unless specifically excluded.

13.     Frosch has performed all of its obligations under the Policy including faithfully paying policy premiums.

**B. The Coronavirus 2019 Global Pandemic Causes Damage Around the Globe, Including to the Travel Industry and Frosch.**

14.     The Coronavirus disease was first detected toward the end of 2019, emerging in Wuhan, China. The World Health Organization proposed the nomenclature COVID-19, standing for coronavirus disease 2019.[1]

15.     On January 30, 2020, the World Health Organization declared the virus a public health emergency of international concern. In February 2020, coronavirus deaths began to be reported outside of China. Throughout February 2020, Coronavirus infections are reported in a growing number of locations around the world, including in the Philippines, Japan, Europe, South Korea, Iran, Latin America, Sub-Saharan Africa, and the United States.

16.     On March 11, 2020, the World Health Organization characterized the Coronavirus (COVID-19) as a pandemic. On March 13, 2020, a national emergency was declared in the United States of America. On March 15, 2020, the United States Centers for Disease Control and Prevention advised no gatherings of 50 or more people in the United States. The next day, the President advised citizens to avoid groups of more than 10.

17.     Worldwide, more than 2,665,000 cases of COVID-19 have been confirmed. The Coronavirus has caused more than 186,000 deaths, with the death toll increasing every day, and

---

[1] *See, generally,* https://www.who.int/emergencies/diseases/novel-coronavirus-2019/technical-guidance/naming-the-coronavirus-disease-(covid-2019)-and-the-virus-that-causes-it. As used in this Petition, the term "Coronavirus" refers to the virus termed as Coronavirus disease 2019 (COVID-19), including without limitation the severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2), and the term is used broadly, and references the global pandemic associated with the virus first detected in December 2019 in Wuhan, China.

the numbers of reported cases growing exponentially. In the United States alone, tens of thousands of people have died and more than 846,000 confirmed cases of COVID-19 have been reported. The economy has been devastated by business interruptions in Harris County, the State of Texas, the United States, and worldwide.

18.     As coronavirus spread around the world and the death toll rose, countries and regions fell under various levels of quarantine orders. Residents were ordered to stay home and business operations were shuttered.

19.     Coronavirus cases in Texas spiked in March 2020, Frosch's home, and a growing number of counties and municipalities issued quarantine directives. The numbers of reported Coronavirus cases have spread throughout Texas Counties, curtailing business, social, and economic activities throughout the State. Correspondingly, the entire nation experienced spikes in infections and deaths, with a growing number of citizens subjected to quarantine orders and business shutdowns.

20.     The scientific community recognizes the Coronavirus as a cause of real physical loss and damage.

21.     The Coronavirus is physically impacting public and private property, and physical spaces in communities around the world.

22.     The global pandemic is exacerbated by the fact that the potentially deadly virus physically infects and stays on the surface of objects or materials for weeks. The duration of the virus' lethal staying power, and the conditions upon which the virus can continue to propagate and infect people, are known facts under continued scrutiny by the scientific community. The virus can physically infect and stay on surfaces for weeks, up to twenty-eight days under some estimates. Moreover, because of the ongoing Coronavirus pandemic, a significant component of the public

health crisis is the risk of continued contamination of the surface of objects and materials which could propagate infections. Therefore, the Coronavirus has caused damage, including damage to property, as a result of the staying power of the virus and the communicability of disease from exposure to the surface of objects and materials.

23.     For example, China, Italy, France, and Spain have implemented the cleaning and fumigating of public areas prior to allowing them to re-open publicly due to the intrusion of microbials.

24.     The physical contamination of surfaces with communicable Coronavirus is a well-recognized cause of physical damage and a reason that civil authorities have issued quarantine orders.

**C. Frosch's Business was Interrupted by Civil Authority Orders Halting Business Activity and Business and Personal Travel.**

<u>Domestic Operations</u>

25.     Frosch has domestic locations in Texas (3), New York (1), New Jersey (1), California (13), Arizona (1), Colorado (4), Washington DC (1), Florida (11), Illinois (4), Maryland (1), Massachusetts (2), Nevada (2), North Carolina (2), and Pennsylvania (2).

<u>Texas</u>

26.     On March 19, 2020, Texas Governor Greg Abbott issued Executive Order No. GA-08 relating to COVID-19 preparedness and mitigation, which prohibited certain business activities in order to contain the Coronavirus, requiring that Texans avoid social gatherings of more than 10 people and avoid eating or drinking in restaurants or bars or visiting gyms or massage parlors. During this period, a number of counties in Texas, including Harris County and Dallas County, had begun issuing their own more stringent stay-at-home orders.

27.     Also on March 19, 2020, John W. Hellerstedt, M.D., the Commissioner of the Texas Department of State Health Services, in accordance with Section 81.082(d) of the Texas Health and Safety Code, declared a state of public health disaster for the entire State of Texas for the first time since 1901.

28.     On March 31, 2020, the Governor of Texas issued Executive Order GA-14, which required that Texans minimize social gatherings or in-person contact with those outside their own household, except as required to provide or to obtain essential services.

29.     Frosch's offices in Texas are located at:

One Greenway Plaza, Suite 800                       2001 Bryan Street, Suite 2135
Houston, TX 77046                                         Dallas, TX 75201

1411 East Sandy Lake Road, #120
Coppell, TX 75019

<u>New York</u>

30.     On March 7, 2020, the Governor of New York issued Executive Order 202, declaring a state disaster emergency for the State of New York. On March 19, 2020, the Governor of New York issued Executive Order 202.8, which required all non-essential businesses to reduce their in-person workforce by 100% by March 22, 2020. New York has been particularly hard hit by the coronavirus epidemic.

31.     Frosch's office in New York is located at:

909 Third Avenue, FL 12
New York, NY 10022

<u>New Jersey</u>

32.     On March 9, 2020, the Governor of New Jersey issued Executive Order 103, declaring a State of Emergency and a Public Health Emergency for the State of New Jersey. On March 16, 2020, the Governor of New Jersey issued Executive Order 104, establishing aggressive

social distancing measures for the State of New Jersey. On March 21, 2020, the Governor of New Jersey issued Executive Order 107, requiring all residents of the State of New Jersey to remain home, with a few exceptions enumerated for obtaining and providing essential needs and services.

33.     On April 7, 2020, the Governor of New Jersey issued Executive Order 118, closing State and County parks in the State of New Jersey to further social distancing. Also on April 7, 2020, the Governor of New Jersey issued Executive Order 119, extending the Public Health Emergency in the State of New Jersey.

34.     Frosch's office in New Jersey is located at:

800 Inman Avenue
Colonia, NJ 07067

California

35.     On March 19, Governor Gavin Newson of California issued Executive Order N-33-20, which ordered all residents to stay home "excepted as needed to maintain continuity of operations of the federal critical infrastructure sectors" and access "such necessities as food, prescriptions, and health care." Residents are specifically ordered to heed all public health directives of the California Department of Public Health.

36.     Frosch's offices in California are located at:

Raleigh Studios
5300 Melrose Ave. E
Los Angeles, CA 90038

700 Airport Boulevard, Suite 360
Burlingame, CA 94010

878 Eastlake Parkway, Suite 1310
Chula Vista, CA 91914

2647 Gateway Road, Suite 103
Carlsbad, CA 92009

Luxe Travel Management,
A FROSCH Company
16450 Bake Parkway
Irvine, CA 92618

Luxe Travel Management,
A FROSCH Company
18650 MacArthur Blvd., Suite 100
Irvine, CA 92612

100 Larkspur Landing Circle, Ste. 104

825 Santa Cruz Avenue

Larkspur, CA 94939

4640 Lankershim Blvd., Suite 305
North Hollywood, CA 91602

11885 Carmel Mountain Rd., Suite 906
San Diego, CA 92128

5850 Canoga Ave., Suite 550
Woodland Hills, CA 91367

Menlo Park, CA 94025

73950 El Paseo, Suite B
Palm Desert, CA 92260

9710 Scranton Road, Suite 170
San Diego, CA 92121

## Arizona

37.    On March 11, 2020, the Governor of Arizona issued a declaration of a Public Health State of Emergency due to the necessity to prepare for, prevent, respond to, and mitigate the spread of COVID-19. On March 30, 2020, the Governor of Arizona issued a "Stay Home, Stay Healthy, Stay Connected Order," Executive Order 2020-18, that limited residents time away from home to accessing essential services or providing essential services or other limited activities not relevant here. The order further provides that "Individuals shall limit use of public transportation to when absolutely necessary to obtain or conduct Essential Activities or attend work in an Essential Function."

38.    Frosch's office in Arizona is located at:

6991 East Camelback Road, Suite D100
Scottsdale, AZ 85251

## Colorado

39.    On March 10, 2020, the Governor of Colorado declared a disaster emergency, which was confirmed by corresponding Executive Order D 2020 003 on March 11, 2020. On March 14, 2020, the Governor of Colorado ordered downhill ski operators to suspend operations. On March 25, 2020, the Governor of Colorado directed all Coloradans to stay at home, subject to

limited exceptions to obtain necessities, work at critical businesses, or care for dependents or vulnerable persons. All non-critical businesses were ordered to close temporarily.

40.     Frosch's offices in Colorado are located at:

1125 Kelly Johnson Blvd., Suite 111
Colorado Springs, CO 80920

6070 Greenwood Plaza Blvd., Suite 100
Greenwood Village, CO 80111

3538 JFK Parkway, Suite 2
Fort Collins, CO 80525

2012 Greeley Mall
Greeley, CO 80631

### Washington, DC

41.     On March 11, 2020, the Mayor of Washington, DC issued Mayor's Order 2020-046, declaring a public emergency and a public health emergency. On March 24, 2020, the Mayor of Washington, DC issued Mayor's Order 2020-053, which temporarily ceased all non-essential business activities in the District of Columbia, specifically including touring services. Gatherings of 10 or more persons were prohibited. On March 30, 2020, the Mayor of Washington, DC issues Mayor's Order 2020-054, which directed residents of the District of Columbia to stay at home, except to engage in essential activities, essential business, essential travel, or allowable recreational activities.

42.     Frosch's office in Washington, DC is located at:

1025 Thomas Jefferson Street NW
Washington, DC 20007

### Florida

43.     On March 9, 2020, the Governor of Florida issued Executive Order 20-52, which declared a state of emergency for the entire State of Florida. On March 17, 2020, the Governor of Florida issued Executive Order 20-68, which effectively closed bars, pubs, and nightclubs for 30 days, limited public access beaches to groups of 10 or less while social distancing of six (6) feet,

and restricted restaurants to 50% occupancy and parties of 10 or less while social distancing of six (6) feet.

44.     On March 20, 2020, the Governor of Florida issued Executive Order 20-70, which required all restaurants, bars, taverns, pubs, night clubs, banquet halls, cocktail lounges, cabarets, breweries, cafeterias and any other alcohol and/or food service business establishment with seating for more than ten (10) people in Broward County and Palm Beach County to close on-premises service. In addition, the order required that all movie theatres, concert houses, auditoriums, playhouses, bowling alleys, arcades, gymnasiums, fitness studios and beaches in Broward County and Palm Beach County shall close.

45.     On March 24, 2020, the Governor of Florida issued Executive Order 20-82, which required all travelers entering Florida from a place where "shelter-in-place" orders were being implemented to be self-quarantined for fourteen (14) days. On March 27, 2020, the Governor of Florida issued Executive Order 20-86, adding further restrictions on travelers entering Florida from Louisiana and establishing checkpoints on roadways to address incoming travelers. On March 27, 2020, the Governor of Florida also issued Executive Order 20-87, suspending vacation rental operations. On March 31, 2020, the Governor of Florida issued Executive Order 20-90, extending the closures in Broward County and Palm Beach County.

46.     On April 1, 2020, the Governor of Florida issued Executive Order 20-91, requiring all high-risk residents to remain home and all other residents to limit movements to only those necessary to obtain or provide essential services or conduct essential activities. On April 10, 2020, the Governor of Florida issued Executive Order 20-103, extending the closures of vacation rental operations.

47.     Frosch's offices in Florida are located at:

---

GAMA Business Travel,
A FROSCH Company
4800 N. Federal Highway, Suite 207D
Boca Raton, FL 33431

Luxe Travel Management,
A FROSCH Company
1515 S. Federal Highway, Suite 102
Boca Raton, FL 33432

1616 W. Cape Coral Parkway, #103
Cape Coral, FL 33914

8595 College Parkway, #150
For Myers, FL 33919

7640 N. Wickham Rd., #107
Melbourne, FL 32940

8799 Tamiami Trail North
Naples, FL 34108

1201 US Highway 1, Suite 230
North Palm Beach, FL 33408

2451 East Atlantic Boulevard
Pompano Beach, FL 33062

729 SW Federal Highway, Suite 104
Stuart, FL 34994

3265 Cardinal Drive
Vero Beach, FL 32963

616 21st Street
Vero Beach, FL 32960

<u>Illinois</u>

48.     On March 9, 2020, JB Pritzker, Governor of Illinois, declared all counties in the State of Illinois as a disaster area under a Gubernatorial Disaster Proclamation. On March 13, 2020, the Governor of Illinois issued Executive Order 2020-04, which cancelled all public and private gatherings in the State of Illinois of 1,000 or more people, including but not limited to concerts, festivals, conferences, and sporting events.

49.     On March 20, 2020, the Governor of Illinois issued Executive Order 2020-10, requiring all residents to stay at home, all non-essential business and operations to cease, and prohibiting travel of any kind except for Essential Travel and Essential Activities. On April 1, 2020, the Governor of Illinois issued Executive Order 2020-18, extending the Stay at Home order.

50.     Frosch's offices in Illinois are located at:

190 S. LaSalle Street, Suite 1540
Chicago, IL 60603

500 Lake Cook Road, Suite 450
Deerfield, IL 60015

522 N. Washington Street

7625 W. 159th Street

Naperville, IL 60563                           Tinley Park, IL 60477

### Maryland

51.     On March 30, 2020, the Governor of Maryland issued Executive Order 20-03-30-01, "prohibiting large gatherings and events and closing senior centers, and all non-essential businesses and other establishments, and additionally requiring all persons to stay at home."

52.     Frosch's office in Maryland is located at:

600 Wyndhurst Avenue, Suite 100
Baltimore, MD 21210

### Massachusetts

53.     On March 13, 2020, the Governor of Massachusetts issued the Order Prohibiting Gatherings of More than 250 People. On March 15, 2020, the Governor of Massachusetts issued the Order Prohibiting Gatherings of More than 25 People and On-Premises Consumption of Food or Drink. On March 23, 2020, the Governor of Massachusetts issued Order No. 13, which temporarily closed all non-essential services, businesses, and organizations, and prohibited gatherings of more than 10 people. On March 31, 2020, the Governor of Massachusetts issued Order No. 21, extending the Stay at Home Advisory and closures of non-essential businesses.

54.     Frosch's offices in Massachusetts are located at:

The Travel Center,                             Wayland Travel,
A FROSCH Company                               A FROSCH Company
193 Rockland Street                            308 Commonwealth Road
Hanover, MA 02339                              Wayland, MA 01778

### Nevada

55.     On March 12, 2020, the Governor of Nevada issued a proclamation, declaring a state of emergency for the State of Nevada. On March 31, 2020, the Governor of Nevada issued Declaration of Emergency Directive 010, extending the March 12 Declaration of Emergency and

ordering all individuals to stay in their residences and prohibiting gatherings of individuals outside the home, except for Essential Healthcare operations, Essential Infrastructure operations, or Essential Licensed Businesses.

56.     Frosch's offices in Nevada are located at:

7324 West Cheyenne Avenue, Suite 6          1489 W. Warm Springs Road, Suite 110
Las Vegas, NV 89129                         Henderson, NV 89014

<u>North Carolina</u>

57.     On March 10, 2020, Governor Roy Cooper of North Carolina issued Executive Order No. 116, declaring a State of Emergency to coordinate the State's response and protective actions to address the coronavirus. On March 17, 2020, the Governor of North Carolina issued Executive Order No. 118, limiting the operations of bars and restaurants to carry-out, drive-through, and delivery only. On March 27, 2020, the Governor of North Carolina issued Executive Order No. 121, requiring that North Carolina residents stay at home. Residents are allowed to leave only for essential activities, essential governmental operations, or to participate or access COVID-19 essential businesses and operations. Only travel for essential activities is permitted.

58.     Frosch's offices in North Carolina are located at:

4400 Park Road                              9350 Falls of Neuse Road, Suite 201
Charlotte, NC 28209                         Raleigh, NC 27615

<u>Pennsylvania</u>

59.     On March 6, 2020, Governor Tom Wolf of the Commonwealth of Pennsylvania declared a disaster emergency in response to the coronavirus. On March 19, 2020, the Governor of Pennsylvania issued an order "regarding the closure of all businesses that are not life sustaining." And on March 23, 2020, the Governor of Pennsylvania issued an executive order for

individuals to stay at home. Individuals "are ordered to stay at home except as needed to access, support, or provide life sustaining business, emergency, or government services."

60.     Frosch's offices in Pennsylvania are located in:

1100 Horizon Circle, Suite 101                 15 Maple Avenue
Chalfont, PA 18914                             Paoli, PA 19301

<u>International Offices</u>

61.     Frosch also has offices in China, the Philippines, Singapore, the United Kingdom, Australia, Brazil, Canada, Colombia, Germany, Ireland, Hong Kong, India, Israel, Japan, Malaysia, Mexico, the Netherlands, Poland, South Africa, and the United Arab Emirates.

62.     These offices have likewise been subject to shelter-in-place orders prohibiting employees from entering the workplace and prohibiting Frosch's customers from traveling.

**D.  The Policy Covers Frosch's Damage and Losses Sustained and Costs and Expenses Incurred.**

63.     The damage and loss sustained by Frosch as a result of the Coronavirus are covered by the Policy (Exhibit A) issued by Defendants to Frosch, and no exclusions or defenses alleviate Defendants' obligation to Frosch under the Policy.

64.     The commercial insurance issued by Defendants to Frosch promises "DELUXE" insurance coverage. Exhibit A, IL T3 18 05 11, Pages 1-2 of 2; DXT0001112.

65.     Contamination, and potential contamination, of the insured premises by the Coronavirus constitutes a direct physical loss needing remediation to clean the surfaces of, and the surfaces of objects at, the establishment.

66.     The Policy promises to "pay for direct physical loss of or damage to Covered Property." Exhibit A, DXT1 001112, Page 1 of 38.

67.     Frosch has sustained direct physical loss and/or damage to property arising from and/or related to the Coronavirus, Coronavirus contamination, the threat of Coronavirus contamination, and/or the Civil Authority response related to the Coronavirus.

68.     The Policy promises to "pay for [] [t]he actual loss of Business Income . . . sustain[ed] due to the necessary 'suspension' of your 'operations'" Exhibit A, DXT1 011112, Page 1 of 13.

69.     The Policy promises to pay for additional coverages, including Civil Authority coverage for business income and extra expenses. Exhibit A, DXT1 011112, Page 2 of 13.

70.     The Policy promises to pay for Accounts Receivable losses and associated expenses incurred. Exhibit A, DXT1 001112, Page 11 of 38.

71.     Frosch has sustained a suspension of travel-related services as a result of the Coronavirus and civil authority orders related to the Coronavirus. Frosch employees have been ordered to shelter in place at various locations and Frosch customers have been ordered in shelter in place in virtually all, if not all, of the markets it serves, effectively closing its travel business.

72.     Frosch has sustained loss of income and incurred expenses as a result of civil authorities prohibiting travel for customers in its markets and as a result of civil authorities prohibiting Frosch employees from entering their workplaces.

73.     The commercial, business, and property losses and damages, business interruption, income losses sustained, and costs and expenses incurred, as a result of the Coronavirus and the civil authority response to the Coronavirus, are covered by the Policy. Defendants owe Plaintiffs compensation for Frosch's damages, losses, costs, and expenses arising from and related to the Coronavirus, Coronavirus contamination, the threat of Coronavirus contamination, and/or the Civil Authority response related to the Coronavirus.

### E.  Defendants Denied Frosch's Claim.

74.     In compliance with the prerequisites for coverage, including the notice prerequisites, Frosch submitted a claim for coverage for the damage and losses sustained and costs and expenses incurred as a result of the Coronavirus, as more fully discussed herein, fulfilling all notice provisions in the Policy.

75.     The claim Frosch submitted to Defendants under the policy was summarily denied without any meaningful investigation.

76.     The letter from Defendant, dated April 6, 2020, offered the following reasons for denying the claim:

>    a.  Frosch had not suffered a cessation of business because, although Frosch had fewer customers, its business was still open and its business property had not sustained any damage;

>    b.  Frosch had reported no direct physical loss or damage to the insured premises;

>    c.  A civil authority had not prohibited access to the premises due to loss or damage to property other than the insured premises;

>    d.  Ingress or egress had not been prevented from the insured premises by direct physical loss of property near the insured premises;

>    e.  The policy does not cover loss or damages caused by "delay, loss of use, or loss of market" or "contamination by other than 'pollutants'";

>    f.  The policy does not cover loss or damages caused by "acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body"; and

    g.  The policy does not cover loss or damages caused by "any virus, bacterium or other microorganism."

*See* Letter from Travelers, dated April 6, 2020, attached as Exhibit B. Travelers summarized the reasons for the denial this way:

> Because the policy excludes loss or damage caused by or resulting from any virus, which includes the COVID-19 virus, your business income loss is not covered. Additionally, to the extent that you seek coverage for Business Income losses that are caused by or resulting from "loss of use or loss of market", "contamination by other than 'pollutants'", and/or "acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body", there is no coverage for your loss.

*Id.* at pg. 4.

### V.    CAUSES OF ACTION

### COUNT ONE

### Breach of Contract

77.    Plaintiffs restate and incorporate all the paragraphs above into this claim for relief as if fully set forth herein.

78.    Frosch entered into a contract with Travelers for insurance coverage, including coverage for Business Income, Extra Expense and Civil Authority.

79.    Frosch suffered property damage and loss of business income and extra expenses covered by the Policy.

80.    Travelers breached its contract with Frosch by denying coverage and denying Frosch's claim.

81.     Frosch has been damaged by the breach, at a minimum, in the amount of the unpaid insurance proceeds.

82.     All conditions precedents that are material to coverage for Plaintiffs' claim have been performed.

## COUNT TWO

### Violation of the Texas Insurance Code §541.060

83.     Plaintiffs restate and incorporate all the paragraphs above into this claim for relief as if fully set forth herein.

84.     Travelers misrepresented a material fact and Policy provision relating to the coverage at issue in violation of Tex. Ins. Code §541.060(a)(1).  Namely, despite its knowledge that the Frosch's property was contaminated by the virus and Frosch sustained business income loss as a result, Travelers stated that there was no covered loss to the Insured Premises.

85.     Defendants failed at all material times to effectuate a prompt, fair and equitable settlement of Frosch's claim, after its lability had become reasonably clear, in violation of Tex. Ins. Code § 541.060(a)(2)(4).  Defendants' liability became reasonably clear when it had notice of the widespread contamination of property by the coronavirus and issuance of executive orders prohibiting certain business activities.  Instead of promptly investigating and paying Frosch's claim, Travelers summarily denied the claim.

86.     Defendants violated Tex. Ins. Code §541.060(a)(7) by refusing to pay Frosch's claim without conducting a reasonable investigation or any analysis with respect to the claim.  Defendants have conducted no investigation as to Frosch's business income loss before it denied the claim.

87.     Defendants' violations were done knowingly.

88.     Plaintiffs are entitled to actual damages as well as any and all consequential damages, statutory penalties, and punitive damages as provided by law.

## COUNT THREE

### Breach of the Duty of Good Faith and Fair Dealing

89.     Plaintiffs restate and incorporate all the paragraphs above into this claim for relief as if fully set forth herein.

90.     Defendants owe Frosch a duty of good faith and fair dealing in connection with the investigation and resolution of claims under the Policy.

91.     Such duty obligated Defendants to not deny liability to Frosch when their liability under the Policy was reasonably clear.

92.     Defendants' liability was reasonably clear when they had notice of the widespread contamination of property by the coronavirus and issuance of executive orders prohibiting certain business activities.

93.     Defendants violated and continue to violate their duty of good faith and fair dealing by denying liability to Frosch under the Policy and continuing to refuse to pay Frosch the sums due and owing to Frosch under the Policy.

94.     Defendants' acts and omissions constituting a breach of the duty of good faith and fair dealing were and continue to be committed with actual awareness that they are wrongful and that they are inflicting harm on Frosch. Defendants' violation of the duty of good faith and fair dealing is grossly negligent, malicious, and or fraudulent. Defendants' violation of the duty of good faith and fair dealing, therefore, warrants and authorizes the imposition of punitive or exemplary damages.

95.     Frosch has suffered and will continue to suffer actual damages as a result of Defendants' breach of the duty of good faith and fair dealing.

## COUNT FOUR

### Declaratory Judgment Action

96.     Plaintiffs restate and incorporate all the paragraphs above into this claim for relief as if fully set forth herein.

97.     Pursuant to Texas Civil Practice and Remedies Code Sections 37.001, *et seq*., the Court may declare rights, status, and legal relations whether or not further relief is or could be claimed, and before or after breach of contract.

98.     Plaintiffs seek a judgment declaring that the Policy provides coverage to Frosch for: (1) the damage to the Insured Premises by the Coronavirus; (2) business income loss and extra expenses resulting from the interruption of Frosch's operations; and (3) the business income loss and extra expenses Frosch sustained due to executive orders and other actions taken by civil authorities.

99.     Plaintiffs also seek a declaratory judgment that Frosch has fulfilled any and all preconditions, notices, and duties owed to Defendants under the Policy.

## COUNT FIVE

### Costs Under Civil Practice and Remedies Code Section Chapters 37 and 38

100.    Plaintiffs restate and incorporate all the paragraphs above into this claim for relief as if fully set forth herein.

101.    Plaintiffs are entitled to recover costs and reasonable and necessary attorney fees that are equitable and just under Texas Civil Practice and Remedies Code Section 37.009, because this is a suit for declaratory relief.  Plaintiffs are also entitled to recover its costs and reasonable

attorney's fees under Texas Civil Practice and Remedies Code Section 38.001 and all applicable provisions of the Texas Insurance Code.

## VI.      CONDITIONS PRECEDENT

102.      All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## VII.      REQUESTED RELIEF

103.      For these reasons, Plaintiffs Frosch Holdco, Inc. d/b/a Frosch; Frosch International Travel, LLC d/b/a Frosch Travel; and FT Travel, LLC asks that the Court render judgment: (1) declaring that the Policy issued by Defendants provides coverage for Frosch's property loss as a result of coronavirus pandemic, and the business income loss and extra expenses Frosch sustained due to the property loss and the actions taken by civil authorities as requested herein, and (2) awarding Plaintiffs the following damages:

a.  Actual damages for the full amount of property loss, business income loss and extra expenses sustained by Frosch as a result of the Coronavirus and actions taken by civil authorities;

b.  Actual damages of all amounts owed under the contract;

c.  Treble damages under Texas law;

d.  Attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code Sections 37.009 and 38.001, Texas Insurance Code Section 542.60, and Texas Insurance Code Chapter 542A;

e.  Penalties as provided by Sections 542.058(a) and 542.060(a) of the Texas Insurance Code;

f.   Actual damages caused by the Defendants wrongful conducts, including but not limited to the benefits wrongfully withheld and attorneys' fees and court costs.

g.   Exemplary damages; and

h.   Pre- and post-judgment interest to the extent permitted by law.

April 24, 2020

## JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Matthew R. McCarley
Matthew R. McCarley
State Bar Number 24041426
C. Bryan Fears
State Bar Number 24040886
S. Ann Saucer
State Bar Number 00797885
Misty A. Farris
State Bar Number 00796532
**FEARS NACHAWATI, PLLC**
5473 Blair Rd.
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
mmccarley@fnlawfirm.com
fears@fnlawfirm.com
asaucer@fnlawfirm.com
mfarris@fnlawfirm.com

**ATTORNEYS FOR PLAINTIFFS FROSCH HOLDCO, INC. D/B/A FROSCH; FROSCH INTERNATIONAL TRAVEL, LLC D/B/A FROSCH TRAVEL; AND FT TRAVEL, LLC**